IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
NOV 10 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**DEERE CREDIT, INC. and**
**DEERE & COMPANY,**

    **Plaintiff,**

v.               **CIVIL ACTION NO. 2:19-cv-686**

**BENNY F. HALL, SR.,**

    **Defendants.**

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Deere Credit Inc.'s Motion for Summary Judgment and the Memorandum in Support pursuant to Federal Rule of Civil Procedure 56. ECF No. 31. The Court has reviewed the Motion and the accompanying memorandum and exhibits. ECF No. 32. The Court has likewise reviewed Defendant's response. ECF No.33. After reviewing the Parties' filings, the Court finds that a hearing is not necessary, and that these matters are ripe for judicial determination. The Court finds that there are no genuine disputes as to material facts and therefore Deere Credit Inc. is entitled to judgment as a matter of law. Accordingly, Plaintiff Deere Credit Inc.'s Motion for Summary Judgment is **GRANTED**.

### I.  FACTUAL AND PROCEDURAL HISTORY

On December 17, 2019, Deere & Company ("Deere & Co.") and its affiliate, Deere Credit ("Credit") (collectively "Plaintiffs"), filed this action against Benny F. Hall, Sr., Rebel Auction Company ("Rebel"), Inc., Contrel Brown, and Brown Blessings, LLC ("Blessings"), (collectively "Defendants"),. *See* Complaint. ECF No. 1. The Complaint alleged six counts to collect sums due under three equipment leases and four equipment finance agreements and to obtain a detinue order for the leased equipment and collateral or, in the alternative, damages from the latter three

defendants for conversion of that equipment and collateral. *Id.* Specifically, the Complaint initially alleged following counts:

- **Count I:** Monetary Judgment for Deere Credit (*against Mr. Hall*)
- **Count II:** Monetary Judgment for Deere & Co. (*against Mr. Hall*)
- **Count III:** Detinue for Deere Credit (*against Mr. Hall, Mr. Brown, and Blessings*)
- **Count IV:** In the alternative, Conversion for Credit (*against Mr. Brown and Blessings*)
- **Count V:** Detinue For Deere & Co. (*against Mr. Hall, Mr. Brown, and Blessings*)
- **Count VI:** Conversion (*against Mr. Hall and Rebel for 7720 Tractor*)

Defendant Mr. Hall responded to the Complaint where he admitted some factual evidence in support of the counts and denied other allegations. ECF No. 16. After initiating suit, Plaintiffs and Defendants worked together to resolve issues relating to possession, sale and use. Deere and Co. recovered all the leased equipment and collateral. On February 27, 2020, Plaintiffs voluntarily dismissed without prejudice the Complaint against defendants Contrel Brown and Brown Blessings, LLC. ECF No. 21. On April 13, 2020, Plaintiffs and defendants Mr. Hall and Rebel, stipulated to the dismissal with prejudice of the second Count VI of the Complaint (Conversion against Mr. Hall and Rebel for 7720 Tractor) and further stipulated to the dismissal, with prejudice, of Rebel as party to this litigation. ECF No. 29. The parties further stipulated to the dismissal without prejudice of Counts III, IV, V and the first Count VI. *Id.*

After the stipulation, the remaining counts were I and II against Mr. Hall. Accordingly, Deere & Co.'s claims against Mr. Hall under three finance agreements has been resolved by the repossession and sale of the collateral securing those agreements. The surplus net proceeds of those sales have been applied to the balance owed by Mr. Hall to Deere Credit. Therefore, Deere & Co. has no further claims in this case and Deere & Co. no longer seeks any relief in this case.

In all, the only remaining claims are by Credit against Mr. Hall on amounts owed under the three leases and the deficiency balance under one equipment finance agreement.

On October 14, 2020, Credit filed a Motion for Summary Judgment against Mr. Hall. ECF Nos. 31, 32. On October 28, 2020, Mr. Hall filed a response stating that he does not contest the Motion for Summary Judgment. ECF No. 33. Credit did not file a reply. Accordingly, the matter is now ripe for judicial determination.

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see also McKinney v. Bd of Trustees of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992) ("[S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the fact is not necessary to clarify the application of the law.") (citations omitted). In deciding a motion for summary judgment, the court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When considering cross-motions for summary judgment, the Court "must review each motion separately on its own merits 'to determine whether either of the parties deserves judgment as a matter of law.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (*quoting Philip Morris, Inc. v. Harshbarger*, 122 F.3d 58, 62 n.4 (1st Cir. 1997)).

Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87 (internal quotations omitted). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v.*

3

*Catrett*, 477 U.S. 317, 324 (1986). "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985), *abrogated on other grounds by*, *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) ); *see also Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411–12 (4th Cir. 1986) (a nonmoving party must offer more than unsupported speculation to withstand summary judgment).

### III. DISCUSSION

In this matter, the only remaining claims are by Deere Credit against Mr. Hall on amounts owed under the three leases and the deficiency balance under one equipment finance agreement.

In his Answer to the Complaint, Mr. Hall admitted that he entered into the three leases and one equipment finance agreement with Deere Credit that are the subject of this litigation. *See* ECF No. 16 at ¶¶ 11, 17, 23, 28-29, 37, 44. Similarly, in his Answer to the Complaint, Mr. Hall admitted that he was in default of his obligations under those three equipment leases and the finance agreement with Deere Credit. *See Id.* at ¶¶ 12, 18, 24, 31, 40, 47.

After initiating suit, John Deere and the defendants worked together to resolve issues relating to possession, sale and use of the leased equipment. On April 13, 2020, John Deere voluntarily dismissed this case against all defendants except Mr. Hall. ECF No. 29. Upon recovery of the lease equipment, John Deere evaluated the condition and usage of the leased equipment and sold the collateral, thereby liquidating the damages claims. On September 1, 2020, both Deere & Co. and Deere Credit updated their Rule 26(a) Disclosures, showing their calculation of the deficiency balances, which are the damages sought in this action. *See* ECF No. 32 at Exhibit 2. The net proceeds of the sale of Deere & Co.'s collateral was sufficient to pay in full all amounts due under its three equipment finance agreements. *Id.* at ¶ 3. Moreover, there was a net surplus under those agreements, as well as a surplus on a finance agreement that was not the subject of this case. The

combined amount of the surplus was $42,863.87. Pursuant to the agreements' cross collateralization clauses, that surplus was applied to amounts that Mr. Hall owed to Deere Credit. *Id.* After the application of a credit balance of $42,863.87, Deere Credit's total damages is $381,494.27 for the three leases and contract. Damages were calculated as follows:

1. **The 001 Lease**: $33,445.52;
2. **The 002 Lease**: $178,326.59;
3. **The 003 Lease**: $204,364.89; and
4. **The 0175 Contract**: $8,221.14

*Id.* In its Requests for Admission, Deere Credit asked Mr. Hall to admit that he was indebted to Deere Credit for $381,494.27. ECF No. 32 at Exhibit 1. Since Mr. Hall failed to timely respond to the request, the Court finds that Mr. Hall has admitted to that debt. Fed. R. Civ. P. 36(a)(3). Finally, in his response to Deere Credit's motion for summary judgment, Mr. Hall stated that "he does not contest the Motion." ECF No. 33. Therefore, the Court finds that there are no genuine issues of material fact for trial. Accordingly, Credit's Motion for Summary Judgment is granted.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff Deere Credit Inc.'s Motion for Summary Judgment is **GRANTED** on all remaining counts against Defendant Benny F. Hall, Sr. The Court finds in favor of Deere Credit Inc. in the amount of $381,494.27, with interest accruing at the judgment rate of 6% per annum from the date of judgment until paid in full plus costs and reasonable attorneys' fees and expenses. Within fifteen (15) days from the date of this order, if the parties have not agreed on the amount for attorneys' fees and costs, counsel shall submit a petition for attorneys' fees and cost.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the parties.

**IT IS SO ORDERED.**
Norfolk, Virginia
November 10, 2020

Raymond A. Jackson
United States District Judge